

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-67,259-04

### EX PARTE JESUS PEREZ GUTIERREZ, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. FR 53450-D IN THE 27TH DISTRICT COURT FROM BELL COUNTY

*Per curiam.*

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual assault and sentenced to forty years' imprisonment. The Third Court of Appeals dismissed his appeal. *Gutierrez v. State*, No. 03-07-00420-CR (Tex. App.—Austin Sept. 24, 2009) (not designated for publication).

In a single ground, Applicant contends that he is actually innocent. Applicant has alleged facts that, if true, might entitle him to relief. *Ex parte Elizondo*, 947 S.W.2d 202 (Tex. Crim. App. 1996); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim.

App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall hold a live evidentiary hearing. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id.*

The trial court shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

After holding an evidentiary hearing, the trial court shall make findings of fact and conclusions of law as to whether: (1) Applicant has met one of the statutory exceptions in Article 11.07, § 4 of the Code of Criminal Procedure; (2) the evidence he relies on is newly available or discovered, *Ex parte Brown*, 205 S.W.3d 538, 545 (Tex. Crim. App. 2006); and (3) he shows by clear and convincing evidence that no reasonable juror would have convicted him in light of his allegedly new evidence. *Elizondo*, 947 S.W.3d at 209. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: November 9, 2016
Do not publish